IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARANDA GATTE, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | §   Civil Action No. 4:14-CV-376-Y |
| | § |
| JODY R. UPTON, Warden, | § |
| FMC-Carswell, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Maranda Gatte, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I.   Factual and Procedural History

Petitioner is currently serving a 120-month term of imprisonment on her 2008 conviction for conspiracy to commit interstate kidnaping in the United States District Court for the Western District of Louisiana. (J. in a Criminal Case, *United States v. Gatte,* Criminal Docket No. 2:07-cr-20051-RTH-CMH-2, ECF No. 65.)  In the introductory paragraph of the petition, Petitioner asserts she is "petitioning the restoration of [her] good time," however she raises three unrelated grounds for habeas

relief in the body of the petition. (Pet. 1-3, ECF No. 1.[1]) Specifically, she claims that (1) she was forced by her father and brother to experiment with and has used drugs since age nine and is a survivor of rape and incest but has "never gotten treatment, support or help" during her confinement, (2) the conditions of her confinement are not conducive to rehabilitation because the clinic and Residential Drug Abuse Program (RDAP) are run by the prisoners, and (3) there is a drug problem in FMC-Carswell with "unrestricted access to an array of prescription drugs." (Pet. 1-3, ECF No. 1.) Petitioner seeks immediate, unconditional release so that she may begin "re-entry as an institutionalized addict who's actually been deprived of the proper care and treatment that could have afforded [her her] initial release date." (Pet. 3, ECF No. 1.)

## II. Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

---

[1]The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his accelerated release. Petitioner's claims relate to how the RDAP is being run and her medical care and treatment for drug addiction, which clearly challenge the conditions of her confinement. Such claims are not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Even if she could prove the claims, she has not shown a legal basis for obtaining accelerated release.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

SIGNED June 13, 2014.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE